UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number_____ 25cv22610

SUFFOLK CONSTRUCTION COMPANY,
INC., a Massachusetts corporation

    Plaintiff,

vs.

SHOMA VILLAGE APARTMENTS, LLC, a
Florida limited liability company

_____/

# COMPLAINT

Plaintiff, SUFFOLK CONSTRUCTION COMPANY, INC. ("SUFFOLK"), by and through its undersigned counsel, hereby sues Defendant, SHOMA VILLAGE APARTMENTS, LLC, a Florida limited liability company ("SHOMA"), and states as follows:

## NATURE OF THE ACTION

1. This is an action to recover damages under a Settlement Agreement, caused by Defendant, SHOMA's breach of that settlement by failing to pay all sums due and owing.

## THE PARTIES

2. Plaintiff, SUFFOLK is a Massachusetts corporation with its corporate headquarters located in Boston, Massachusetts.

3. Defendant, SHOMA is a Florida limited liability company with its principal place of business located in Coral Gables, Florida.

Case No.: _____

## JURISDICTION, AND VENUE

4. This Court has jurisdiction under 28 U.S.C § 1332 based on diversity of citizenship between Plaintiff and Defendant, and because the amount in controversy exceeds $75,000. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367, and under the principles of pendant jurisdiction.

5. Venue is proper in this district pursuant to 28 U.S.C., § 1391.

## BACKGROUND

6. At all times material hereto, SUFFOLK was, and is, a general contractor, duly licensed by the State of Florida.

7. SHOMA was the developer of the new Shoma Village Apartments (HUD Project Number 066-35330) located in Hialeah, Miami-Dade County, Florida ("Project") wherein the United States Department of Housing and Urban Development ("HUD") provided partial funding and/or guaranteed the funding for the Project.

8. SUFFOLK served as the contractor for the construction of the Project pursuant to a Construction Contract dated July 15, 2020 ("Construction Contract") which is not the subject matter of this cause of action and accordingly is not attached hereto as an exhibit.

9. The HUD guidelines and funding requirements for the Project provide, *inter alia,* that a general contractor's General Conditions and General Requirements do not exceed a certain percentage as set forth in the HUD guidelines ("HUD Cap") and that the general contractors Fee not exceed 4%.

10. Since SUFFOLK's General Conditions and General Requirements exceeded the HUD

Case No.: _____

Cap by $2,575,414.00 ("Supplemental Funding"), SHOMA opted to enter into Supplemental Funding Agreement in order to provide additional funding for the construction of the Project without increasing the Guaranteed Maximum Price for the construction of the Project.

11. The Supplemental Funding Agreement provided in part that SUFFOLK was to be funded the amount of the HUD Cap which said funding would be separate and apart from the funding provided by SHOMA to SUFFOLK under the terms of the Construction Contract for the Project. The Supplemental Funding Agreement also provided that SUFFOLK agreed not to assert rights to or claim of lien or encumbrance of any type on any portion of the land, buildings, equipment, fixtures and materials that constitute or form part of the Project for any portion of the Supplemental Funding. A true and correct copy of the Supplemental Funding Agreement is attached hereto as **Exhibit "A".**

12. During the course of construction of the Project, SUFFOLK was delayed and submitted time impact claims in the amount of $608,915 (hereinafter "TIA #1") and $311,198.00 (hereinafter "TIA 2") to SHOMA. As such, a dispute between SUFFOLK and SHOMA ensued concerning the Supplemental Funding Agreement, TIA#1 and TIA#2.

13. In resolution of the dispute, Defendant SHOMA sought to specifically resolve the TIA disputes through the Supplemental Funding Agreement rather than through the Construction Contract and the Parties entered into Supplemental Funding Settlement Agreement ("Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit "B".**

Case No.: _____

## SHOMA BREACHED THE SETTLEMENT AGREEMENT

14. The consideration terms of the Settlement Agreement provide as follows:

> 2. **Consideration.**
>
>    (a) In exchange for the covenants and promises contained herein, Shoma shall pay to Suffolk the following:
>
>    (i) the sum of One Hundred and Eighty Thousand Three Hundred and Thirty-Two and 46/100 Dollars ($180,332.46), representing final payment to Suffolk under the Supplemental Agreement for the general conditions and general requirements pursuant to the terms of the Supplemental Agreement (hereinafter "Supp GC/GR's");
>
>    (ii) the additional sum of Four Hundred Thousand and no/100 Dollars ($400,000.00), representing final payment to Suffolk for the TIA Claims (the Supp GC/GR and TIA Claims shall hereinafter collectively be referred to as the "Settlement Sum"), which Settlement Sum shall be paid to Suffolk by wire transfer as follows:
>
>    (iii) the Supp GC/GR's in the amount of $180,332.46 shall be paid within two (2) days from the Effective Date of this Agreement;
>
>    (iv) the first $100,000 of the TIA Claims shall be paid within thirty (30) days from the Effective Date;
>
>    (v) the second $100,000 of the TIA Claims shall be paid on or before June 01, 2023;
>
>    (vi) the third 100,000 of the TIA Claims shall be paid on or before October 01, 2023; and
>
>    (vii) the fourth and final $100,000 of the TIA Claims shall be paid on or before February 01, 2024.
>
> Suffolk's wire instructions are attached hereto as Exhibit "A".

15. In furtherance of the Settlement Agreement, SHOMA issued the following payments to SUFFOLK:

    (a) $180,332.46 on February 09, 2023, pursuant to Section 2(iii) of the Settlement Agreement;

    (b) $100,000.00 on March 13, 2023, pursuant to Section 2(iv) of the Settlement Agreement; and

Case No.: _____

(c) $100,000.00 on June 02, 2023, pursuant to Section 2(v) of the Settlement Agreement.

16. The third and fourth payments of $100,000 each due on October 01, 2023, and February 01, 2024, respectively, were not tendered to SUFFOLK by SHOMA. SHOMA's failure to pay the balance of the funds due and owing under the Settlement Agreement is a breach of the Settlement Agreement.

17. All conditions precedent to the assertion of this action have been performed, satisfied or otherwise waived or excused by Defendant, SHOMA.

## COUNT I – BREACH OF SETTLEMENT AGREEMENT
(Failure to Pay Amounts Due)

18. SUFFOLK realleges and incorporates the allegations contained in paragraphs 1 through 17 above as if fully set forth herein.

19. This is an action for breach of Settlement Agreement for damages that exceed $75,000, exclusive of interest, costs and attorneys' fees.

20. As more fully set forth in paragraph 17 above, SHOMA breached its Settlement Agreement by failing and refusing to pay SUFFOLK amounts due and within the time periods set forth in the Settlement Agreement.

21. As a direct and proximate cause of SHOMA's material breach of the Settlement Agreement, SUFFOLK has been damaged in an amount in excess of Two Hundred Thousand Dollars ($200,000.00) and continues to be damaged.

21. SUFFOLK has retained the undersigned counsel to prosecute this action on its behalf and has agreed to pay a reasonable fee for such services. SUFFOLK is entitled to recover from SHOMA the attorneys' fees and costs incurred for having to bring forth this claim pursuant

Case No.: _____

to the Settlement Agreement, costs and interest including prompt payment penalties as provided in Section 55.03, *Florida Statutes*.

WHEREFORE, Plaintiff, SUFFOLK CONSTRUCTION COMPANY, INC., demands judgment against Defendant, SHOMA VILLAGE APARTMENTS, LLC for all damages, including but not limited to, interest, costs, and attorneys' fees, and for such other relief as this Honorable Court deems just equitable and proper.

DATED this 09th day of June 2025

Respectfully submitted,

Suffolk Construction Company, Inc.
Legal Department
426 Clematis Street
West Palm Beach, Florida 33401
Telephone:   (561) 282-3000
Facsimile:   (561) 273-1805
jdiaz@suffolk.com
eservice@suffolk.com


By:  /s/ Juan Diaz
Juan Diaz, Esq.