# **EXHIBIT A**

## SUPPLEMENTAL FUNDING AGREEMENT

This SUPPLEMENTAL FUNDING AGREEMENT ("**Agreement**") is made and entered into as of July 15 2020 by and among SUFFOLK CONSTRUCTION COMPANY, INC., a Massachusetts corporation ("**Suffolk**" or "**Contractor**"), SHOMA VILLAGE APARTMENTS, LLC, a Florida limited liability company ("Owner") and MS PROPERTY VENTURES, LLC, a Florida limited liability company ("**MSPV**"). Suffolk, SHOMA and MSPV are each hereinafter referred to as a "**Party**" and collectively, the "**Parties**"

### Recitals

A. MSPV was organized to, among other things, develop, own and operate a development known as Shoma Village Apartments (the "**Project**");

B. Suffolk is the general contractor for construction of the Project pursuant to a Construction Contract HUD Project No. 066-35330 ("**Contract**") entered into with the Owner;

C. The Owner, MSPV and Suffolk have agreed that the Guaranteed Maximum Price ("**GMP**") for construction of the Project in accordance with the Contract Documents, as defined in the Contract, shall be Fifty-Five Million Dollars ($55,000,000.00);

D. In furtherance of the Contract and the Project, the Owner secured partial funding from the United States Department of Housing and Urban Development ("**HUD**"). The HUD guidelines and funding requirements for this Project provide, *inter alia*, that the Contractor's General Conditions and General Requirements not exceed a certain percentage as set forth in HUD's guidelines. The Contract also provides that Contractor's Fee shall not exceed four percent (4%). Suffolk's combined General Conditions, General Requirements and Fee exceed the amount authorized by HUD by the sum of Two Million Five Hundred and Seventy-Five Four Hundred and Fourteen Dollars ($2,575,414.00);

E. In compliance with the requirements and restrictions noted in Paragraph D above, Owner and Contractor entered into a GMP contract for the Project in the amount of Fifty Two Million Four Hundred Twenty Four Thousand Five Hundred and Eighty-Six Dollars ($52,424,586.00); and

F. MSVP and Owner have a material vested interest in developing the Project and have agreed to supplement the Contractor's above GMP amount in the additional amount of Two Million Five Hundred Seventy-Five Thousand Four Hundred and Fourteen Dollars ($2,575,414.00) (hereinafter "**Supplemental Funding**"), as set forth herein.

### Witnesseth

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, intending to be legally bound hereby, agree as follows:

1. <u>Preamble</u>. The foregoing recitals are hereby incorporated herein by reference.

2. <u>Defined Terms</u>. Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Contract.

3. <u>Supplemental Funding</u>: Suffolk shall submit to MSVP and/or Owner in the first month of commencement of the Project, a Supplemental Payment Application in the amount of Two Hundred

Thousand Dollars ($200,000.00) for mobilization. In addition, Contractor will on a monthly basis submit a requisition for the Supplemental Funding based on the percentage of completion of the Work reflected in the Contractor Contract Payment Application of the Contract. MSVP and/or Owner shall fund the Supplemental Payment Application simultaneously with the Owner's funding of the Contractor Contract Payment Application of the Contract.

4. <u>Supplemental Funding Requirements</u>: The requirements of MSVP and/or Owner for funding the Contractor's Supplemental Payment Application are commensurate with those of the Owner in funding the Contractor Contract Payment Application in accordance with the terms of the Contract. Accordingly, MSVP and/or Owner's funding obligations do not arise until Contractor has complied with the funding obligation required of the Contract Payment Application.

5. <u>Waiver of Claim of Lien for Supplemental Funding Only</u>: The Contractor agrees that it shall not assert rights to or claim of lien, or encumbrance of any type or kind, including any mechanics' lien on any portion of the land, buildings, equipment, fixtures, or materials that constitute or form part of the Project for any portion of the Supplemental Funding. The waiver of Contractor's claim of lien rights are specifically limited to the Supplemental Funding and shall not under any circumstances, impair, release, waive or compromise Contractor's claim of lien rights for Work performed by the Contractor on the Project under the Contract nor does it impair release, waive or comprise Contractor's contractual and equitable rights against MSVP and Owner for breach of the Agreement for the Supplemental Funding obligations. MSVP and Owner agree that they are jointly and severally liable for the obligations set forth in this Agreement.

6. <u>Disputes</u>. Prior to the commencement of a legal action by any party hereto against any other party hereto, the party or parties instituting such action (together, the "**Commencing Party**") shall notify the defending party or parties (together, the "**Defending Party**") in writing as to the subject matter of the dispute. Within thirty (30) days of the receipt of such notice by the Defending Party, the Commencing Party and the Defending Party agree to both schedule and hold a conference at a mutually agreeable time and place and to use their reasonable good faith efforts to resolve any dispute at such conference before the Commencing Party commences any legal action. In the event that no resolution can be reached by the parties within ninety (90) days following such conference, the parties agree to endeavor to resolve their dispute by mediation which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association. A request for mediation shall be made in writing, delivered by the Commencing Party to the Defending Party, and filed with the person or entity administering the mediation. The parties shall share the mediator's fee and any filing fees relating to the mediation as follows: 50% by Suffolk and 50% by MSPV. The mediation shall be held in the county where the Project is located, unless another location is mutually agreed upon. Written agreements that are executed in mediation shall be enforceable as settlement agreements in any court having jurisdiction thereof. In the event that no amicable resolution can be reached by the parties within ninety (90) days following the request for mediation, Commencing Party may thereafter commence a legal action against the Defending Party. Without limiting the foregoing, any dispute not resolved by the foregoing procedure may be determined by the mutual written agreement of the Commencing Party and the Defending Party by other dispute resolution methods.

7. <u>Notices</u>. Except as otherwise specifically provided herein, all notices, demands or other communications hereunder shall be in writing and shall be deemed to have been given and received (i) two (2) business days after being deposited in the United States mail and sent by certified or registered mail, postage prepaid, (ii) one (1) business day after being delivered to a nationally recognized overnight delivery service, (iii) on the day sent by e-mail, answer back requested, or (iv) on the day delivered personally, in each case, to the parties at the addresses set forth below or at such other addresses as such parties may designate by notice to the other party:



| **If to Suffolk:** | **If to MSPV and Owner:** |
|---|---|
| Suffolk Construction Company, Inc.<br>One Biscayne Tower<br>Suite #2700, 2 South<br>Biscayne Boulevard<br>Miami, FL 33131<br>Attn: Peter Tuffo, President<br>Phone: 305-374-1107<br>E-mail: ptuffo@suffolk.com | Shoma<br>201 Sevilla Avenue, Suite 300<br>Coral Gables, FL 33134<br>Attn: Masoud Shojaee, Manager<br>Phone:786-437-8658<br>e-mail: mshojaee@shomagroup.com |
| With a copy to: | With a copy to: |
| Juan Diaz, General Counsel-SE.<br>Suffolk Construction Company, Inc. Legal Department<br>426 Clematis<br>West Palm Beach, Florida 33401<br>Phone: 561-261-9075<br>E-mail: JDiaz@suffolk.com | Frank Silva, General Counsel<br>201 Sevilla Avenue, Suite 300<br>Coral Gables, FL 33134<br>Phone: 786-437-8658<br>E-mail: FSilva@shomagroup.com |

8. **Severability of Provisions**. In the event that any paragraph, term, provision or portion of this Agreement is determined by appropriate judicial authority to be invalid, illegal, or unenforceable under applicable law, such invalidity shall not impair the operation of or affect those provisions of this Agreement that are valid.

9. **Binding Provisions**. The covenants and agreements contained herein shall be binding upon, and inure to the benefit of, the heirs, legal representatives, successors and assignees of the respective parties hereto, except in each case as expressly provided to the contrary in this Agreement.

10. **Assignment**. No party to this Agreement may assign or transfer this Agreement without the prior written consent of the other party to this Agreement. This Agreement shall be binding upon, inure to the benefit of and may be enforced by and against the respective successors and permitted assigns of each of the parties to this Agreement.

11. **Entire Agreement**. This Agreement expresses the entire agreement between the parties with respect to the LD Overages. There are no other agreements, conditions or representations, oral or written, expressed or implied, with regard to the matters contained in this Agreement. This Agreement supersedes all prior agreements (whether oral or written) relating to the matters contained herein.

12. **Amendments; Waiver**. This Agreement may be amended only in writing, signed by both parties. No failure on the part of either party to exercise, and no delay in exercising any right or remedy hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any right or remedy hereunder preclude any other or further exercise thereof or the exercise of any other right or remedy granted hereby or by any related document or by law.

13. **Counterparts**. This Agreement may be executed in several counterparts and all so executed shall constitute one agreement binding on all parties hereto, notwithstanding that all the parties have not signed the original or the same counterpart.

14. <u>Governing Law</u>. This Agreement shall be construed and enforced in accordance with the laws of the State of Florida, without regard to principles of conflicts of law. The parties hereto agree that any suit, action or other legal proceeding arising out of this Agreement or any of the transactions contemplated hereby shall be brought in the courts of record of Miami Dade County, Florida or the U.S. District Court for the Southern District of Florida. The prevailing party in any litigation shall be entitled to recover its reasonable attorney fees and costs.

THE PARTIES KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY FOR ANY AND ALL CLAIMS AND/OR DISPUTES ARISING OUT OF, OR OTHERWISE RELATING TO, THIS AGREEMENT OR ANY OF THE TRANSACTIONS CONTEMPLATED HEREBY.

IN WITNESS WHEREOF, the parties have executed this Agreement effective as of the date first set forth above.

**Suffolk Construction Company, Inc.**

By: _____
Name: Juan Diaz
Title: General Counsel-SE/Assl. Secy

**MS Property Ventures, LLC**

By: _____
Name: _____
Title: MASOUD SHOJAEE
       Manager

**Shoma Village Apartments, LLC**

By: _____
Name: _____
Title: MASOUD SHOJAEE
       Manager

# **EXHIBIT B**

## SUPPLEMENTAL FUNDING SETTLEMENT AGREEMENT

THIS SUPPLEMENTAL FUNDING SETTLEMENT AGREEMENT (hereinafter "Agreement") is made and entered into this 2nd day of February 2023 (the "Effective Date"), by SHOMA VILLAGE APARTMENTS, LLC, a Florida limited liability company ("Shoma") and SUFFOLK CONSTRUCTION COMPANY, INC., a Massachusetts corporation ("Suffolk") (Shoma and Suffolk may each be referred to as a "Party" and collectively as the "Parties").

### RECITALS

WHEREAS, Shoma was at all times material hereto the owner and developer of the real property known as Shoma Village Apartments and located in Hialeah, Florida (the "Project");

WHEREAS, Suffolk, as general contractor, and the Owner, as developer, entered into a Construction Contract dated July 15, 2020 (the "Contract") for the construction of the project known as Shoma Village Apartments (HUD Project Number 066-35330) located in Hialeah, Miami-Dade County, Florida ("Project") as more particularly described in the Contract;

WHEREAS, in order to provide additional funding for the Project that would not increase the guaranteed maximum price ("GMP") of the Contract, Shoma and Suffolk entered into that certain Supplemental Funding Agreement dated July 15, 2020 (the "Supplemental Agreement"), to provide additional funds for construction of the Project without increasing the GMP in exchange for payment by Shoma to Suffolk in the amount of Two Million Five Hundred Seventy-Four Thousand Four Hundred and Fourteen Dollars ($2,575,414.00) (the "Supplemental Funding");

WHEREAS, during the construction of the Project, Suffolk submitted a time impact claim in the amount of $608,915 (hereinafter "TIA #1") and a time impact claim in the amount of $311,198 (hereinafter "TIA #2");

WHEREAS, a dispute arose between Shoma and Suffolk regarding the Supplemental Agreement and the TIA #1 and TIA #2 Claims (collectively "TIA Claims") and the Parties' respective obligations related to the Supplemental Agreement pertaining to the Project (the "Dispute");

WHEREAS, Shoma and the Owner desire to resolve the TIA Claims through the Supplemental Agreement rather than through the Contract; and

WHEREAS, Shoma and Suffolk, without admitting any liability, desire to amicably and completely resolve their entire dispute related to the Supplemental Agreement.

### WITNESSETH

NOW, THEREFORE, in exchange for the consideration described herein, Shoma and Suffolk agree as follows:

1. **Incorporation of Recitals.** The foregoing Recitals are true and they are hereby incorporated by reference, as if fully set forth herein.

2. Consideration.

(a) In exchange for the covenants and promises contained herein, Shoma shall pay to Suffolk the following:

(i) the sum of One Hundred and Eighty Thousand Three Hundred and Thirty-Two and 46/100 Dollars ($180,332.46), representing final payment to Suffolk under the Supplemental Agreement for the general conditions and general requirements pursuant to the terms of the Supplemental Agreement (hereinafter "Supp GC/GR's");

(ii) the additional sum of Four Hundred Thousand and no/100 Dollars ($400,000.00), representing final payment to Suffolk for the TIA Claims (the Supp GC/GR and TIA Claims shall hereinafter collectively be referred to as the "Settlement Sum"), which Settlement Sum shall be paid to Suffolk by wire transfer as follows:

(iii) the Supp GC/GR's in the amount of $180,332.46 shall be paid within two (2) days from the Effective Date of this Agreement;

(iv) the first $100,000 of the TIA Claims shall be paid within thirty (30) days from the Effective Date;

(v) the second $100,000 of the TIA Claims shall be paid on or before June 01, 2023;

(vi) the third 100,000 of the TIA Claims shall be paid on or before October 01, 2023; and

(vii) the fourth and final $100,000 of the TIA Claims shall be paid on or before February 01, 2024.

Suffolk's wire instructions are attached hereto as Exhibit "A".

(b) Upon Shoma's payment of the Settlement Sum, Suffolk releases, acquits, satisfies, and forever discharges Shoma, and its assigns, transferees, successors, heirs, partners, affiliates, parents, subsidiaries, servicers, principals, agents, officers, directors, shareholders, former and present employees, and predecessors (each a "Releasee," and collectively, the "Releasees") of and from Shoma's obligations, arising from or related to the Supplemental Agreement and the TIA Claims. The release provided herein by Suffolk to Shoma ("Releasees") is limited to the terms and conditions of the Supplemental Agreement and the TIA Claims and shall not be construed as a release of any claims arising from or in connection with the Project, the Contract for the construction of the Project, the claims and indemnification agreement pertaining to LC Service Drywall, Inc., and all other claims that are not specifically released herein.

Suffolk                                                                                                                  Shoma

Settlement Agreement
Shoma / Suffolk

3. <u>Intentionally Omitted.</u>

4. <u>No Admission of Wrongdoing</u>. Shoma and Suffolk hereby acknowledge that the consideration for this Agreement is a compromise of disputed claims, and that this Agreement is not to be construed as an admission of liability on the part of Shoma, Suffolk, or of any other person or entity hereby released, each of which expressly denies liability. Suffolk and Shoma specifically acknowledge and agree that neither the signing of this Agreement, nor the consideration provided under this Agreement, shall be deemed nor construed at any time or for any purpose as an admission by any party to this Agreement of any liability or unlawful or wrongful conduct of any kind.

5. <u>Severability</u>. If a court of competent jurisdiction declares illegal or unenforceable any provision or provisions of this Agreement (excepting only the Consideration under Article 3 hereof), which provision or provisions cannot be made legal or enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

6. <u>Entire Agreement; Amendment</u>. This Agreement sets forth the entire agreement between Suffolk and Shoma only as it pertains to the Supplemental Agreement and the TIA Claims. Suffolk and Shoma agree that they have relied on no representations, promises, or understandings of any kind, written or oral, in agreeing to enter into this Agreement other than those expressly set forth in this Agreement. This Agreement may be amended only by in writing signed by Suffolk and Shoma, or their respective successors or authorized representatives.

7. <u>Representations, Warranties and Covenants</u>. Each of the parties herein represents, warrants and covenants that the undersigned entities or individuals: (i) have the sole right and exclusive authority to execute this Agreement; (ii) have not sold, assigned, transferred, conveyed or otherwise disposed of any claim, demand or legal right which is the subject of this Agreement; and (iii) this Agreement is a valid and binding obligation of him, her or it, enforceable against him, her or it in accordance with its terms.

8. <u>Governing Law</u>. This Agreement and the rights and obligations of the parties hereto shall be interpreted, construed, and enforced in accordance with the laws of the State of Florida, without giving effect to any choice or conflict of law provision or rule (whether of the State of Florida or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Florida. Shoma and Suffolk agree to submit to the personal jurisdiction of and that exclusive venue for any proceeding under or relating to this Agreement shall be in Miami-Dade County, Florida. In the event any legal proceedings are required to be initiated to enforce or interpret this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs including any appeals resulting therefrom.

9. <u>Waiver of Jury Trial</u>. In the event that any party to this Agreement institutes legal proceedings for breach of the terms of the Agreement, it is stipulated and agreed that such claim shall be heard by a judge and not a jury in Miami-Dade County, Florida, and each of the parties expressly

_____
Suffolk

_____
Shoma

agree to waive any challenge to venue or personal jurisdiction in such court. **THE PARTIES HERETO KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE TRIAL BY JURY WITH RESPECT TO ANY LITIGATION ARISING OUT OF, RELATIVE TO, BASED ON, OR IN CONNECTION WITH, THIS AGREEMENT, ANY AGREEMENT TO BE EXECUTED IN CONJUNCTION WITH THIS AGREEMENT, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (ORAL OR WRITTEN), OR ACTIONS OR INACTION OF ANY PARTY RELATING TO THIS AGREEMENT. IT IS AGREED AMONG THE PARTIES HERETO THAT THIS PROVISION IS A MATERIAL INDUCEMENT TO ENTERING INTO THIS AGREEMENT.**

10. <u>Construction</u>. The parties have participated jointly in the negotiation on drafting this Agreement. The language of the Agreement shall be construed as a whole, according to its plain meaning, and shall not be strictly construed against any party.

11. <u>Counterparts; Signatures by Email or Facsimile Transmission</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original and which together shall be deemed one document. Any signature affixed to this Agreement and transmitted by email or facsimile shall be deemed an original and shall be given full force and effect for all purposes.

12. <u>Authority</u>. Suffolk and Shoma have each read, understood, and fully considered this Agreement and all its terms. Shoma and Suffolk represent and warrant that each of them has been and is qualified to do business in the State of Florida, has full right and authority to enter into this Agreement, and that all persons signing on behalf of Shoma and Suffolk, respectively, are authorized to do so by appropriate corporate actions or resolutions.

13. <u>Effective Date</u>. This Agreement shall be deemed effective as of the date set forth in the preamble hereof.

14. <u>Further Assurances</u>. Each Party, upon receipt of written notice from the other Party, shall promptly sign, or cause to be signed, all further documents, do, or cause to be done, all further acts, and provide all assurances as may reasonably be necessary or desirable to give effect to the terms of this Agreement.

IN WITNESS WHEREOF, the parties have caused this Settlement Agreement to be duly executed as set forth below.

**Suffolk Construction Company, Inc.**

By: _____
Print Name: __Juan Diaz__
Title: __General Counsel - South / Assl. Secy__
Date: __February 03, 2023__

Suffolk

**Shoma Village Apartments, LLC**

By: _____
Print Name: __Masoud Shojaee__
Title: __Manager__
Date: __2/21/2023__

Shoma

4 of 5

Settlement Agreement
Shoma / Suffolk

## EXHIBIT "A"

**Suffolk's Wire Instructions**

_____   _____
Suffolk                                                    Shoma



# WIRE INSTRUCTIONS

Amount: $ _____

Transfer To:

    Account Name:      **Suffolk Construction Company, Inc.**
     **65 Allerton Street**
     **Boston, MA 02119**

    Credit Account:      4640584364

    Bank Name:      Bank of America, N.A.
     100 Federal Street
     Boston, MA 02110

    Wire ABA Number:      026009593
    ACH ABA Number:      011000138
    SWIFT: (International)      BOFAUS3N

**Ref:**