UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-22610-BLOOM/Elfenbein

SUFFOLK CONTRUCTION COMPANY, INC.,

    Plaintiff,

v.

SHOMA VILLAGE APARTMENTS, LLC,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Shoma Village Apartments, LLC's Motion to Dismiss, ECF No. [5] ("Motion"). Plaintiff Suffolk Construction Company, Inc., filed a Response in Opposition, ECF No. [8] ("Response") to which Defendant filed a Reply, ECF No. [9] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I. BACKGROUND**

On June 9, 2025, Plaintiff filed a Complaint for damages against Defendant. ECF No. [1]. The Complaint asserts one count of breach of settlement agreement. *Id.* According to the Complaint, Plaintiff is a general contractor, duly licensed by the State of Florida. *Id.* at ¶ 6. Defendant was the developer of the new Shoma Village Apartments located in Hialeah, Miami-Dade County, Florida ("Project"). *Id.* at ¶ 7. Plaintiff served as the contractor for the construction of the Project pursuant to a Construction Contract dated July 15, 2020 ("Construction Contract"). *Id.* at ¶ 8. Defendant secured partial/guaranteed funding for the Project from the United States Department of Housing and Urban Development ("HUD"). *Id.* at ¶ 7. The HUD guidelines and funding requirement for the Project provide, *inter alia*, that a general contractor's General

Case No. 25-cv-22610-BLOOM/Elfenbein

Conditions and General Requirements not exceed a certain percentage in the HUD guidelines ("HUD Cap") and that the general contractors Fee not exceed 4%. *Id.* at ¶ 9. Since Plaintiff's General Conditions and General Requirements exceeded the HUD Cap by $2,575,414.00 ("Supplemental Funding"), Defendant opted to enter into a Supplemental Funding Agreement to provide additional funding for the construction of the Project without increasing the Guaranteed Maximum Price for the construction of the Project. *Id.* at ¶ 10.

The Supplemental Funding Agreement provided in part that Plaintiff was to be funded the amount of the HUD Cap, and that said funding would be separate and apart from the funding provided by Defendant to Plaintiff under the terms of the Construction Contract for the Project. *Id.* at ¶ 11. During the course of construction, Plaintiff was delayed and submitted time impact claims in the amount of $608,915 ("TIA #1") and $311,198 ("TIA #2") to Defendant. *Id.* at ¶ 12. A dispute between the parties ensued concerning the Supplemental Funding Agreement. *Id.* In resolution of the dispute, Defendant sought to specifically resolve the TIA disputes through the Supplemental Funding Agreement rather than the Construction Contract and the Parties entered into the Supplemental Funding Settlement Agreement ("Settlement Agreement"). *Id.* at ¶ 13.

The Settlement Agreement provided that Defendant would pay Plaintiff for the TIA Claims in four separate installments, each with a respective due date. *Id.* at ¶ 14; *see also* ECF No. [1-1] at ¶ 2. Defendant timely issued the first two payments to Plaintiff but failed to tender the third and fourth payments which were due on October 1, 2023, and February 1, 2024, respectively. ECF No. [1] at ¶¶ 14-16. As a result, Plaintiff contends Defendant breached the Settlement Agreement. *Id.* at ¶ 16.

In its Motion, Defendant argues, pursuant to the forum-selection clause and choice of law provision within the Settlement Agreement, this action should be dismissed for lack of jurisdiction

and improper venue. ECF No. [5] at 1. Specifically, Defendant argues that the Settlement Agreement requires that any litigation be brought exclusively in a Florida state court in Miami-Dade County to be governed by Florida law. *Id.* The Settlement Agreement contains the following provisions:

> 8. <u>Governing Law.</u> This Agreement and the rights and obligations of the parties hereto shall be interpreted, construed, and enforced in accordance with the laws of the State of Florida, without giving effect to any choice or conflict of law provision or rule (whether the State of Florida or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Florida. **Shoma and Suffolk agree to submit to the personal jurisdiction of and that exclusive venue for any proceeding under or relating to this Agreement shall be in Miami-Dade County, Florida.** In the event that any legal proceedings are required to be initiated to enforce or interpret this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs including any appeals resulting therefrom.
>
> 9. <u>Waiver of Jury Trial.</u> In the event that any party to this Agreement institutes legal proceedings for breach of the terms of the Agreement, it is stipulated and agreed that such claim shall be heard by a judge and not a jury in Miami-Dade County, Florida, and each of the parties expressly agree to waive any challenge to venue or personal jurisdiction in such court[.]

*Id.* at ¶¶ 6-7; ECF No. [1-1] at 3-4 (emphasis added).

Defendant also contends that dismissal is required because under Florida law, a corporation cannot represent itself. ECF No. [5] at 7. Defendant asserts that Plaintiff violated this principle by having one of its own employees, an attorney from its Legal Department, file the Complaint in this case. *Id.* Plaintiff responds that pursuant to the Settlement Agreement's forum-selection clause, venue in the United States District Court for the Southern District of Florida is proper because the clause requires only that any legal proceedings be brought in Miami-Dade County and does not specifically state that proceedings must be brought in a Florida state court. ECF No. [8] at ¶ 8. Moreover, Plaintiff maintains that it is not representing itself in this matter, but is instead represented by its general counsel, a Florida-licensed attorney. *Id.* at ¶¶ 13-14. Defendant replies

that the forum-selection clause requires the litigation to be brought in a Florida state court. ECF No. [9].

## II. LEGAL STANDARD

### A. Motion to Dismiss for Improper Venue

The Federal Rules of Civil Procedure permit a defendant to file a motion to dismiss for improper venue so long as the motion is filed before a responsive pleading. Fed. R. Civ. P. 12(b). When a motion to dismiss for improper venue is filed, the plaintiff bears the burden of proving that the chosen forum is the proper venue. *See Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1267 (S.D. Fla. 2004). The court must accept all allegations within the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See id.* Whether venue is proper "depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). Venue in federal civil actions is generally governed by 28 U.S.C. § 1391.

> Pursuant to § 1391(b), venue is proper in: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*TMJ Practice Mgmt. Assocs., Inc. v. Curran*, No. 16-81903-CIV, 2017 WL 3130421 at *3 (S.D. Fla. July 24, 2017).

If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

### B. Choice of Law Provision

"[A] federal district court sitting in diversity must apply the choice of law rules of the forum state." *Clanton v. Inter.Net Glob., LLC*, 435 F.3d 1319, 1323 (11th Cir. 2006). Choice of law provisions are presumed to be valid and will be found unenforceable only when:

> (1) their formation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of its day in court because of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of such provisions would contravene a strong public policy.

*Vanderham v. Brookfield Asset Mgmt., Inc*, 102 F. Supp. 3d 1315, 1319 (S.D. Fla. Apr. 21, 2015) (quoting *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1292 (11th Cir. 1998)).

### C. Forum-Selection Clause

When legal proceedings are initiated in a particular court pursuant to a forum-selection clause, such clauses are "presumptively valid and enforceable." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281(11th Cir. 2009). Forum-selection clauses should be enforced unless it is clearly shown that enforcement would be unreasonable or unjust or that the clause is invalid. *See Citro Fla., Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir. 1985). "When analyzing the application of a forum-selection clause, courts must determine (1) whether the clause is valid; (2) whether the claim at issue falls within the scope of the clause by looking at the language of the clause itself; and (3) whether the clause is mandatory or permissive." *Gonzalez v. Celebrity Cruise Lines Inc.*, No. 22-cv-24247, 2023 WL 4846604, at *2 (S.D. Fla. July 28, 2023).

## III.  DISCUSSION

### A.  Scope of the Choice of Law Provision

Defendant first contends that the choice-of-law language in the Settlement Agreement indicates that "the parties intended to not only be governed by Florida Law, but more specifically, expressly not give effect to any choice applying the laws of any jurisdiction other than the State of Florida." ECF No. [8]. The Governing Law section of the Settlement Agreement provides the following:

> This Agreement . . . shall be interpreted, construed, and enforced in accordance with the laws of the State of Florida, without giving effect to any choice or conflict of law provision or rule (whether the of the State of Florida or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Florida.

ECF Nos. [5] at 4; [1-1] at ¶ 8.

To the extent that the choice of law provision affects whether this case can be heard in federal court, Defendant's argument can be easily dispensed with because this Court exercises diversity jurisdiction over this action and applies the law of the venue. *See Arndt v. Twenty-One Eighty-Five, LLC*, 448 F. Supp. 3d 1310, 1315 (S.D. Fla. Mar. 26, 2020) ("Because the Court is exercising diversity jurisdiction over the suit — and since the Court is in Florida — the Court applies Florida's choice-of-law rules.").

### B.  Scope of the Forum-Selection Clause

Neither party asserts that the forum-selection clause at issue is invalid. *See* ECF Nos. [5]; [8]; [9]. Rather, Defendant argues that pursuant to the forum-selection clause, the proper forum and venue for this case is exclusively a state court located in Miami-Dade County, Florida. ECF No. [5] at 5. Defendant contends that the clause's use of the word "shall" shows that the parties intended that the Settlement Agreement provide a mandatory and exclusive forum in Florida state

6

court. ECF No. [5] at 4. Defendant further reasons that the proper venue is a state court in Miami-Dade County, Florida because the clause provides that "the rights and obligations of the parties hereto shall be interpreted, construed, and enforced in accordance with the laws of the State of Florida." *Id.* at 5-6. Plaintiff responds that the parties' reference to "Miami-Dade County" is unambiguously a location provision and asserts that bringing suit in this Court comports with both the jurisdiction and venue requirements under the Settlement Agreement. ECF No. [8] at ¶ 11-12.

Pursuant to general contract principles, the plain meaning of a contract's language governs its interpretation. *See Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011). "The court must look at the contract as a whole, the parties, and the purpose of the agreement to best determine the intent of the parties in interpreting the agreement." *Id.* Accordingly, to determine the scope of a forum-selection clause, courts must look to the clause's language. *See Stiles v. Bankers Healthcare Grp., Inc.*, 637 Fed. App'x 556, 559 (11th Cir. 2016).

Additionally, courts will consider whether the forum-selection clause is mandatory or permissive. *See Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004). "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit legislation elsewhere. A mandatory clause in contrast, 'dictates an exclusive forum for litigation under the contract.'" *Id.* (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 n. 24 (11th Cir. 1999)).

The forum-selection clause within the Settlement Agreement states that the "exclusive venue for any proceeding under or relating to this Agreement shall be in Miami-Dade County, Florida." ECF No. [1-1] at ¶ 8. Under the Settlement Agreement's plain language, any claim that arises from the Settlement Agreement must be settled in Miami-Dade County, Florida, whether in a federal or state court.

A clause that mandates venue in a specific county but not a specific forum will generally be interpreted to permit venue in either state or federal court, so long as the courts are located in the designated county. *See Glob. Satellite*, 378 F.3d at 1172 (stating that "a suit either in the Seventeenth Judicial District of Florida or in the Fort Lauderdale Division of the Southern District of Florida, both of which are located in Broward County, would satisfy the venue [shall be in Broward County] requirement"); *cf. Brown v. Press Repair Eng'g Sales & Serv., Inc.*, No. 8:08-cv-1115-T-23TGW, 2008 WL 5263748, at *2 (M.D. Fla. Dec. 17, 2008) (citation omitted) ("Generally, 'when a forum selection clause sets exclusive venue in a county in which no federal court is located, the clause cannot reasonably be interpreted to include a federal district court located in another county even though the designated county is within the district or division served by the federal court.'").

In *Global Satellite*, the plaintiff moved to remand based on a forum-selection clause in the parties' contract. 378 F.3d at 1270. The relevant portions of the clause provided that "[v]enue shall be in Broward County, Florida" and that the parties "agree in the event of litigation to submit to the jurisdiction of Broward County, Florida." *Id.* at 1271. Based on this clause, the district court granted the motion to remand, holding that the provision mandated venue in state court and that the defendants had contractually waived their right to remove. *Id.* at 1270-71. However, on appeal, the Eleventh Circuit reversed and concluded that the provision was most reasonably interpreted as having mandated venue in Broward County, and that a suit filed in either a state or federal court located in Broward County satisfied the forum-selection clause. *Id.* at 1272. The Eleventh Circuit further found that the phrase "submit to the jurisdiction of Broward County, Florida" was vague and imprecise because it failed to clarify what type of jurisdiction it was referring to and named only a geographical unit that is host to several forums. *Id.* at 1274. The court stated that "if [the

plaintiff] intended to permit suit only in the state courts of Florida located in Broward County, as it claims, it could have easily stated that intention precisely." *Id.*

Similarly in *City of West Palm Beach v. Visionair, Inc.*, 199 F. App'x 768, 769 (11th Cir. 2006), the Eleventh Circuit reviewed a forum-selection clause that stated: "This agreement shall be governed by the laws of the State of Florida. All claims . . . shall be instituted and prosecuted in Palm Beach County, Florida." The Eleventh Circuit concluded that the clause permitted venue in either state or federal court, so long as that court was in Palm Beach County, Florida. *Id.* at 770; *see also Bagby Elevator Co., Inc. v. Armstrong*, No. CV 07-J-1683-S, 2007 WL 9711382, at *2 (N.D. Ala. Oct. 2, 2007) (holding that under clear Eleventh Circuit precedent, a forum-selection clause that states it should be construed in accordance with the laws of the State of Florida and provides for venue in Jefferson County, Alabama allows suit to be filed in either Jefferson County Circuit Court or in the Southern Division of the Northern District of Alabama).

*Global Satellite* and *Visionair* squarely address the issue presented by Defendant. Here, the Settlement Agreement between Plaintiff and Defendant provides that "[the parties] submit to the personal jurisdiction of and that exclusive venue for any proceeding under or relating to this Agreement shall be in Miami-Dade County, Florida." ECF No. [1-1] at ¶ 8; ECF No. 5 at ¶ 6. The Agreement further states that "[i]n the event that any party to this Agreement institutes legal proceedings for breach of the terms of the Agreement, it is stipulated and agreed that such claim shall be heard by a judge and not a jury in Miami-Dade County, Florida . . . ." ECF No. [1-1] at ¶ 9; ECF No. [5] at ¶ 7.

Similar to the clauses in *Global Satellite* and *Visionair*, the clause here permits venue in either state or federal court. The requirement that "venue . . . shall be in Miami-Dade County, Florida" is nearly identical to the clause found in *Global Satellite* and thus is reasonably interpreted

9

by this Court to mandate venue in Miami-Dade County. *See Global Satellite*, 378 F.3d at 1270, 1272. Defendant's argument that the clause's use of the word "shall" shows that the parties intended that the Settlement Agreement mandate an exclusive forum in Florida state court is not persuasive. *See* ECF No. [5] at 4. The clause provides only that venue "shall . . . be in Miami-Dade County, Florida" and litigation "shall be heard by a judge . . . in Miami-Dade County, Florida" and does not state whether the judge must be a federal or state judge. ECF Nos. [1-1] at 3; ECF No. [5] at ¶¶ 4, 6-7.

The Court further finds that, pursuant to the Settlement Agreement, venue is proper in either federal or state court when read in conjunction with the provision that requires the rights of the parties to be enforced in accordance with the laws of the State of Florida. *See Visionair*, 199 F. App'x at 769-70 (holding that venue is proper in either federal or state court even though the forum-selection clause provides that the agreement "shall be governed by the laws of the State of Florida"); *Bagby*, 2007 WL 9711382, at *2 (holding that venue was proper in either state or federal court even when the forum-selection clause provided that it should be construed in accordance with the laws of the State of Alabama). Accordingly, this Court denies Defendant's Motion to Dismiss for improper venue.

### C. Whether a Corporation's In-House Counsel May Represent Plaintiff

Defendant also argues that Plaintiff has violated Florida law because it is representing itself by having one of its own employees, Juan Diaz, file the Complaint in this case. ECF No. [5] at 7. Plaintiff responds that it is not representing itself but is represented by a Florida licensed attorney. ECF No. [8] at ¶ 13.

Although 28 U.S.C. §1654 gives an individual a statutory right to represent himself in federal court even if he is not a lawyer, a corporation is required to be represented by licensed

counsel. *E.g. Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."). Similarly, under Florida law, "it is well recognized that a corporation, unlike a natural person, cannot represent itself and cannot appear in a court of law without an attorney." *Szteinbaum v. Kaes Inversiones y Valores, C.A.*, 476 So. 2d 247, 248 (Fla. 3d DCA 1985).

Under this Court's Local Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys, "only members of this Court's bar may appear as attorneys before the Court, except when the Court permits an appearance *pro hac vice*." S.D. Fla. L.R. 4(a). "An attorney is eligible for the admission to the bar of this District if the attorney is currently a member in good standing of the Florida Bar." S.D. Fla. L.R. 1. "To remain an attorney in good standing of the bar of this Court, each member must remain an active attorney in good standing of The Florida Bar, specifically including compliance with all requirements of the Rules Regulating The Florida Bar, as promulgated by the Supreme Court of Florida." S.D. Fla. L.R. 3.

Plaintiff's counsel, Juan Diaz, is a licensed attorney in good standing with The Florida Bar. ECF No. [8] at ¶ 13; ECF No. [8-1]. He is duly admitted in the United States District Court for both the Southern and Middle Districts of Florida. *Id.* Accordingly, Plaintiff's counsel properly satisfies the requirements to appear before this Court.

Moreover, in-house attorneys have routinely been permitted to represent their employers in litigation. *Cf. Burger King Corp. v. Mason*, 710 F.2d 1480, 1499 (11th Cir. 1983) (stating that a party could recover the reasonable value of services performed by in-house counsel in instances where the defense was furnished by the in-house counsel). Defendant has provided no case law to support its assertion that a corporation's in-house counsel cannot represent the corporation in this Court. *See* ECF No. [5]. Defendant improperly relies on *Running Cars, L.L.C. v. Miller*, 333 So.

11

3d 1177 (Fla. 1st DCA 2022) to show that because Juan Diaz is an employee of Plaintiff and is the person who filed the Complaint, Plaintiff is representing itself and the Complaint is therefore a nullity. ECF No. [5] at 7.

In *Running Cars*, the plaintiff filed suit against the defendant for breach of warranty. 333 So. 3d at 1178. A default judgment was entered after the defendant failed to respond to the complaint. *Id.* A few days later, defendant's owner filed a *pro se* letter with the court explaining that he did not understand the proceedings. *Id.* The district court recognized that the *pro se* letter was a legal nullity and that "[i]n Florida, a corporation cannot represent itself and a pleading signed in the corporate name by one of its agents or officials . . . must be disregarded." *Id.* at 1179 (quotations and citation omitted).

Unlike in *Running Cars* where the owner who filed the *pro se* letter was not a licensed attorney, Juan Diaz is a licensed attorney in good standing with The Florida Bar. ECF No. [8] at ¶ 13. He has served as General Counsel for Plaintiff's South Region for the past nineteen years and has represented Plaintiff and its sureties in over one hundred cases in federal and state courts. *Id.* at ¶ 14. Therefore, Plaintiff is not representing itself and is represented by a licensed attorney in accordance with Florida law. As such, Defendant's Motion is denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [5]**, is **DENIED**.
2. Defendant shall file an Answer to Plaintiff's Complaint **no later than December 1, 2025**.

Case No. 25-cv-22610-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida on November 17, 2025.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record