**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-22610-BLOOM/Elfenbein**

SUFFOLK CONSTRUCTION COMPANY, INC.,

     Plaintiff,

v.

SHOMA VILLAGE APARTMENTS, LLC,

     Defendant.

_____/

## <u>ORDER ON MOTION FOR SUMMARY JUDGMENT</u>

**THIS CAUSE** is before the Court upon Plaintiff Suffolk Construction Company, Inc.'s ("Suffolk") Motion for Summary Judgment ("Motion"), ECF No. [49]. Defendant Shoma Village Apartments, LLC. ("Shoma"), did not file a Response. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

### I.  BACKGROUND

#### A.  Undisputed Facts[1]

Suffolk is a general contractor licensed in Florida. ECF No. [50] ¶ 1. Shoma was the developed of the Shoma Village Apartments project (the "Project") located in Hialeah. *Id*. ¶ 2. On July 15, 2020, Shoma hired Suffolk as a general contractor to build the Shoma Village Apartments project. *Id*. ¶ 3. The Project construction loan was guaranteed by the United States Department of Housing and Urban Development ("HUD") *Id*. at 4. The amount Suffolk can be paid under the construction contract for its fee, general conditions, and general requirements is limited by HUD.

---

[1] Suffolk filed a Statement of Material Facts in support of its Motion. ECF No. [50]. Shoma did not file a response controverting those facts. As such, Suffolk's Statement of Material Facts are deemed admitted by Shoma to the extent the Court finds the Statement of Material Facts supported by evidence in the record. *See* S.D. Fla. L.R. Civ. P. 56.1(b).

*Id*. ¶ 5. Shoma agreed to pay Suffolk supplemental funds through a Supplemental Funding Agreement ("SF Agreement"). *Id*. ¶ 6.

Disputes arose between Suffolk and Shoma regarding Shoma's payments to Suffolk and regarding two claims for delay and time impacts made by Suffolk. *Id*. ¶¶ 7, 8. Shoma sought to resolve these disputes under the SF Agreement. *Id*. ¶ 9. Suffolk and Shoma then entered into a Supplemental Funding Settlement Agreement ("Settlement Agreement"). *Id*. ¶ 10. Under the Settlement Agreement, Shoma agreed to pay Suffolk a total settlement sum of $580,332.46. *Id*. ¶ 12. The settlement sum consisted of $180,332.46 as final payment per the SF Agreement and $400,000.00 for Suffolk's delay and time impact claims. *Id*. ¶ 13.

The Settlement Agreement required Shoma to pay Suffolk $180,332.46 as final payment under the SF Agreement within two days of the effective date. *Id*. ¶ 14. The Settlement Agreement's effective date was February 2, 2023. *Id*. ¶ 11. The Settlement Agreement required Shoma to pay Suffolk $100,000.00 as the first installment on Suffolk's delay and time impact claims within thirty days of the effective date, $100,000.00 as the second installment on Suffolk's delay and time impact claims on or before June 1, 2023, $100,000.00 as the third installment on Suffolk's delay and time impact claims on or before October 1, 2023, $100,000.00 as the fourth and final installment on Suffolk's delay and time impact claims on or before February 1, 2024. *Id*. ¶¶ 15-18.

Shoma did not pay the $100,000.00 due by October 1, 2023, or the $100,000.00 due by February 1, 2024. *Id*. ¶¶ 22, 23. The $200,000 Settlement Agreement balance remains unpaid. *Id*. ¶ 24.

On January 9, 2025, Suffolk filed a Complaint against Shoma alleging breach of the Settlement Agreement (Count 1). ECF No. [1]. Suffolk now moves for summary judgment,

arguing Shoma breached the Settlement Agreement by failing to make required payments. ECF No. [49] at 4. Suffolk also points out the Settlement Agreement provides that "[i]n the event any legal proceedings are required to be initiated to enforce or interpret this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs including any appeals resulting therefrom." ECF No. [1-1] at 9. Suffolk contends that if it prevails on summary judgment, the Court should retain jurisdiction to determine the amount of such fees and costs by separate motion. ECF No. [49] at 4-5.

## II. LEGAL STANDARD

### A. Summary Judgment

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citations to materials in the record, including, among other things, depositions, documents, affidavits, or declarations. See Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." Id. (quoting *Anderson*, 477 U.S. at 247-48).

A court views the facts in the light most favorable to the non-moving party, draws "all reasonable inferences in favor of the nonmovant and may not weigh evidence or make credibility determinations, which 'are jury functions, not those of a judge.'" *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1179 (11th Cir. 2019) (quoting *Feliciano v. City of Mia. Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013)); see also *Crocker v. Beatty*, 886 F.3d 1132, 1134 (11th Cir. 2018) ("[W]e accept [the non-movant's] version of the facts as true and draw all reasonable inferences in the

light most favorable to him as the non-movant."). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

Initially, the moving party bears the "responsibility of informing the ... court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); see also *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). If a movant satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs.*, LLC, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 322). The non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. Yet, even where a non-movant neglects to submit any alleged material facts in

dispute, a court must still be satisfied that the evidence in the record supports the uncontroverted material facts proposed by the movant before granting summary judgment. *Reese v. Herbert*, 527 F.3d 1253, 1268-69, 1272 (11th Cir. 2008); *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave.*, Mia., Fla., 363 F.3d 1099, 1103 n.6 (11th Cir. 2004) \*1319 ("One Piece of Real Prop."). Indeed, even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

In resolving the issues presented under Rule 56, "the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied." *Carlin Commc'n, Inc.*, 802 F.2d at 1356. Moreover, summary judgment is inappropriate where the Court would be required to weigh conflicting renditions of material fact or determine witness credibility. See *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1993); *see also Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment."); *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he [or she] is ruling on a motion for summary judgment or for a directed verdict." (quoting *Anderson*, 477 U.S. at 255)); see also *Ramirez v. Nicholas*, No. 13-60820-CIV, 2013 WL 5596114, at \*4 (S.D. Fla. Oct. 11, 2013) ("The Court may not make the credibility determinations needed to resolve this conflict; only the jury may do so.").

### III.  DISCUSSION

#### A.  Count 1 – Breach of Settlement Agreement

Suffolk argues it is entitled to summary judgment because Shoma failed to make the last two required installment payments of $100,000.00 each, despite due demand, in breach of the Settlement Agreement. ECF No. [49] at 4. Suffolk contends this is "a straightforward breach of contract." *Id*.

Under Florida law, the elements of breach of contract are: (1) the existence of a contract, (2) a breach thereof, and (3) damages flowing from the breach. *Wistar v. Raymond James Fin. Servs., Inc.*, 365 F. Supp. 3d 1266, 1269 (S.D. Fla. 2018). Here, it is undisputed that the Parties were bound by the Settlement Agreement. It is also undisputed that the Settlement Agreement required Shoma to make installment payments to Suffolk and that Shoma failed to make two separate payments, one due by October 1, 2023, and one due by February 1, 2024, totaling $200,000.00. These terms are clearly present on the Settlement Agreement. *See generally* ECF No. [1-1]. As such, it is undisputed that a contract between the two parties exists, the contract was breached by Shoma, and Suffolk incurred damages in the amount of $200,000.00.  Suffolk's Motion is granted.

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Suffolk's Motion**, ECF No. [49]** is **GRANTED.**

2.  Final Judgment will be entered in Suffolk's favor by separate order.

3.  The Clerk is **DIRECTED** to **CLOSE** this case.

4.  The Court retains jurisdiction to determine the amount of such fees and costs by separate motion.

Case No. 25-cv-22610-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 11, 2026.

BETH BLOOM
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record

7