**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-22610-BLOOM/Elfenbein**

SUFFOLK CONSTRUCTION COMPANY, INC.,

Plaintiff,

v.

SHOMA VILLAGE APARTMENTS, LLC,

Defendant.
______________________________________/

**ORDER ON DEFENDANT'S MOTION FOR RELIEF FROM ORDER GRANTING SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court upon Defendant Shoma Village Apartments, LLC's ("Shoma") Motion for Relief From Order Granting Summary Judgment ("Motion"), ECF No. [56]. Plaintiff Suffolk Construction Company ("Suffolk") filed a Response in Opposition, ECF No. [64]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## I. BACKGROUND

On June 30, 2026, Suffolk filed a Motion for Summary Judgment, ECF No. [49]. Shoma never filed a response. Following consideration of the record, this Court thereafter granted Suffolk's Motion, ECF No. [53]. Shoma now seeks relief from the Court's Order granting summary judgment, arguing Shoma's failure to respond was the result of excusable neglect. ECF No. [56] at 4. Shoma contends Suffolk faces no meaningful prejudice from the Court permitting Shoma to file a response to Suffolk's Motion for Summary Judgment. Shoma argues it acted promptly upon learning of the Court's Order and sought to reopen the case before final judgment was entered. Shoma further argues its reason for delay was not tactical and outside its control.

Shoma explains that the Court's CM/ECF notices in this case were directed to Counsel's former law firm, requiring manual delayed forwarding by former colleagues. At the time Suffolk's Motion was filed, Counsel indicates his firm was in transition between administrative and support staff responsible for docketing and calendaring deadlines. Shoma avers it has a meritorious defense and the relief requested is narrow.

Suffolk responds that Shoma's alleged excusable neglect is a direct result of its Counsel's inadvertence, ignorance, or misunderstanding of the rules governing this proceeding. ECF No. [64] at 4. Suffolk points out that when changing firms or updating contact information, attorneys must file a Notice of Change of Address and Contact Information pursuant to S.D. Fla. L.R. 11.1(g). The rule provides that:

> Responsibility to Maintain Current Contact Information. Each member of the Bar of the Southern District, any attorney appearing pro hac vice, and any party appearing pro se shall maintain current contact information with the Clerk of Court. Each attorney shall update contact information including e-mail addresses within seven (7) days of a change. A party appearing pro se shall conventionally file a Notice of Current Address with updated contract information within seven (7) days of a change. The failure to comply shall not constitute grounds for relief from deadlines imposed by Rule or by the Court. All Court Orders and Notices will be deemed to be appropriately served if directed either electronically or by conventional mail consistent with information on file with the Clerk of Court.

Suffolk argues Shoma's Counsel failed to comply with this rule as evidenced by the fact that his Notice of Change of Address and Contact Information was not filed until August 13, 2026, months after he left his former law firm. *See* ECF No. [58]. Moreover, Suffolk argues that Courts have repeatedly held that the inadvertent failure to calendar a deadline is not excusable neglect.

## II. DISCUSSION

"[T]he determination of excusable neglect 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Blake v. Enhanced Recovery Co.,*

*LLC*, No. 3:10-cv-1178-J-37JBT, 2011 WL 3625594, at *1 (M.D. Fla. Aug. 17, 2011) (quoting *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir. 1999)).

The Court finds that Shoma has failed to establish excusable neglect. Not only does Local Rule 11.1(g) establish that failure to maintain current contact information shall not constitute grounds for relief from deadlines, but as Suffolk points out, courts in this district have repeatedly held that clerical error does not constitute excusable neglect. *See Sanchez v. GR Constr., LLC*, No. 24-CV-21338, 2024 WL 5264410, at *1 (S.D. Fla. July 22, 2024); *Zabala v. Integon Nat'l Ins. Co.*, No. 20-20751-CIV, 2020 WL 2129584, at *1 (S.D. Fla. May 5, 2020) ("[T]he inadvertent failure to calendar the motion to dismiss deadline was not excusable neglect."); *Sream, Inc. v. Ecstasy Fashion II, Inc.*, No. 18-CV-61216-BB, 2018 WL 10374693, at *2 (S.D. Fla. Sept. 19, 2018); *Moreiras v. Scottsdale Ins. Co.*, No. 20-CV-21303, 2020 WL 4793445, at *2 (S.D. Fla. Aug. 18, 2020); *Zurich Am. Ins. Co. v. European Tile & Floors, Inc.*, No. 8:16-cv-729-T-33AAS, 2017 WL 638640, at *3 (M.D. Fla. Feb. 16, 2017) ("overlooking deadlines ... [is] within the movant's control and do[es] not constitute excusable neglect").

Moreover, Shoma offers no explanation for Counsel's failure to comply with Local Rule 11.1(g). Indeed, compliance with the Local Rules would have rendered it unnecessary for Shoma to rely on "delayed forwarding by former colleagues." ECF No. [56] at 4. The Court also points out that it issued a Scheduling Order, ECF No. [16], setting forth the deadline for filing motions for summary judgment, of which the Parties were aware. And Defendant's Motion for Summary Judgment was filed in accordance with the Court's Scheduling Order. Moreover, Shoma cites no case law which supports its argument that Counsel's failure to comply with Local Rules, and his failure to file a Notice of Change of Address and Contact Information form until four months after leaving his former firm constitutes excusable neglect. The Motion is denied.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Shoma's Motion**, ECF No. [56]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 25, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record